IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a REGIONAL MEDICAL
CENTER,

    Plaintiff,

v.                                                      No. 07-2498 B

UNITED HEALTHCARE INSURANCE
COMPANY,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
_____

Before the Court is the motion of the Defendant, United Healthcare Insurance Company ("United"), to transfer venue of this matter to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. § 1404 or, in the alternative, for a stay of these proceedings under 9 U.S.C. § 3. According to the parties' submissions, United and the Plaintiff, Shelby County Health Care Corporation d/b/a Regional Medical Center (the "Med"), entered into a Facility Participation Agreement (the "Agreement") in August 1, 2005. Article VII of the Agreement required the parties to submit "any and all disputes between them" to binding arbitration in accordance with the Commercial Dispute Procedures of the American Arbitration Association. The Agreement provided that "[a]ny arbitration proceeding under this Agreement shall be conducted in Davidson County, Tennessee," which falls within the Middle District of Tennessee.

On June 22, 2007, the Med instituted an action against United in the Circuit Court of Tennessee for the Thirtieth Judicial District of Memphis, alleging that United owed reimbursement to the Med pursuant to the Agreement for the cost of medical goods and services rendered to Ronnie

Eddins, the covered spouse of a participant in a fully insured employee welfare benefit plan sponsored by her employer.  United removed the action to this Court, asserting federal question jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1132 ("ERISA").

Title 28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

> Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness.  The district court must weigh a number of case-specific factors such as the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading "the interest of justice."

Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 537-38 (6th Cir. 2002) (internal citations and quotation marks omitted).

Neither party directly addresses any of the factors enumerated above.  Rather, in support of its motion, United points to the forum selection clause, which is also a factor that may be considered by the Court in the § 1404(a) calculus.  "Such a clause should receive neither dispositive consideration nor no consideration but rather the consideration for which Congress provided in § 1404(a)."  Id. (internal quotation marks omitted).  While the movant on a § 1404(a) transfer motion generally bears the burden of establishing that transfer is proper (see Moeckel v. Caremark RX Inc., 385 F. Supp. 2d 668, 686 (M.D. Tenn. 2005)), "where the parties have contractually chosen an appropriate venue, the plaintiff bears the burden of showing why the parties should not be bound by their contractual choice of forum."  Josko v. New World Sys. Corp., No. 05-4013 (RBK), 2006 WL 2524169, at *13 (D.N.J. Aug. 29, 2006) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 880

(3d Cir. 1995)); see also Tieman v. Victaulic Co., No. 06-CV-1036, 2007 WL 397054, at *3 (S.D. Ohio Jan. 31, 2007) (citing Jumara).

The Plaintiff in response submits that venue is proper under ERISA's venue statute, which provides that "[w]here an action under [ERISA] is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . ." 29 U.S.C. § 1132(e)(2).  In its reply, United maintains that, by its terms, ERISA's venue statute applies only to lawsuits brought in district court and not to those that have been removed from state court, as is the case here.  Indeed, courts have so found.  See Heft v. AAI Corp., 355 F. Supp. 2d 757, 772 (M.D. Pa. 2005) (ERISA venue statute "pertain[s] only to cases commenced originally in the federal courts.  They are inapplicable to the question of proper venue in a case properly commenced in a state court and later removed to the federal system . . ."); Ward v. Maloney, No. 1:02CV00467, 2003 WL 1562424, at *2-3 (M.D. N.C. Mar. 21, 2003) (ERISA venue statute does not determine venue in removed ERISA actions); see also Kerobo, 285 F.3d at 534 ("Venue in removed cases is governed solely by [28 U.S.C.] § 1441(a)"). Therefore, the Med's contention is without merit.

The Plaintiff further insists that the Agreement is ancillary to its ERISA claims, an argument that fares no better.  The Agreement clearly provides that "any and all disputes" between the parties are to be resolved by binding arbitration to be conducted in the Middle District of Tennessee, and the Med has failed to convince the Court that it should not be bound by the chosen forum.  Even if the Med's position that the Agreement is ancillary to its other claims is valid, that is something best determined in the appropriate forum.

Moreover, the Sixth Circuit has followed the majority of courts in holding that "where the

parties have agreed to arbitrate in a particular forum, only a district court in that forum has jurisdiction to compel arbitration pursuant to" 9 U.S.C. § 4, Federal Arbitration Act.[1]  Mgmt. Recruiters Int'l, Inc. v. Bloor, 129 F.3d 851, 854 (6th Cir. 1997); see also Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1018 (6th Cir. 2003) ("the Federal Arbitration Act prevents federal courts from compelling arbitration outside of their own district"); Gone to the Beach, LLC v. Choicepoint Servs., Inc., 434 F. Supp. 2d 534, 537 (W.D. Tenn. 2006) (same).  Accordingly, only a district court in the Middle District of Tennessee would have jurisdiction to compel arbitration in this matter.

Based on the foregoing reasons that militate in favor of transfer, the Court hereby GRANTS the Defendant's motion therefor.  As a consequence, the alternative request for a stay is moot.  The Clerk of Court is DIRECTED to transfer this matter to the United States District Court for the Middle District of Tennessee.

IT IS SO ORDERED this 18th day of March, 2008.

                                       s/ J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE

---

[1]The statute provides in pertinent part that

> [a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.